UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ZATECKY Superintendent, )<br>)<br>Respondent. ) | Case No. 1:13-cv-01343-JMS-TAB |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Shavaughn Carlos Wilson-El for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVS 12-01-0011. For the reasons explained in this entry, Wilson-El's habeas petition must be **denied**.[1]

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] The Court notes that Wilson-El filed eight Petitions for Writ of Habeas Corpus on August 22, 2013.

**B. The Disciplinary Proceeding**

On February 7, 2012, Corrections Officer A. Neff, wrote a report of conduct in case WVS 12-01-0011 charging Wilson-El with making or possessing intoxicants. The report of conduct states:

> On 2/7/12 at approximately 13:00 p.m. while doing a cell seach (sic) of SCU B703 I, C/O. A. Neff, Jr., along with C/O B. Keller did find a clear trash bag containing an alcohol substance which had a "hooch" like odor. Also found were a refried beans bag containing "hooch" starter and a plastic container with a sock inside containing "hooch" starter. Offender Wilson, Shavaughn #917706 is currently housed in B703.

[Filing No. 17-1]. On February 10, 2012, Wilson-El was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate, and requested the following witnesses: Lt. Nicholson; Rob Marshall; and Lt. Wadhwan [Filing No. 17-4]. Wilson-El also requested as evidence "alcotest" results and color photos of items and for the items to be physically viewed by hearing officer. The requests for "alcotest" and for color photos of the items were denied [Filing No. 17-4].

The screening officer postponed the hearing on February 15, 2012, and the hearing officer postponed the hearing on February 23, 2012, so he could view the video [Filing No. 17-8, Filing No. 17-9]. On March 2, 2012, a hearing was held and the hearing officer found Wilson-El guilty of the charge of making or possessing intoxicants. In making this determination, the hearing officer considered the staff reports, the offender's statement, the video summary, and the confiscation forms and photos [Filing No. 17-12]. The following sanctions were approved: a written reprimand, a 30-day loss of commissary privileges, and a credit time deprivation of 45 days. These sanctions

were imposed because of the seriousness of the charge and the likelihood the sanctions would have a corrective effect on the offender's future behavior.

Wilson-El appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

### C. Analysis

Wilson-El is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) he was denied a meaningful hearing process; 2) he was denied due process; and 3) he was denied evidence.

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Wilson-El received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. Wilson-El's contentions otherwise are either irrelevant to the charge and proceeding involved in this case or refuted by the expanded record. He is not entitled to relief.

### 1.

In his first claim, Wilson-El alleges his due process rights were violated because he was denied meaningful review in the prison grievance system when he challenged the disciplinary decision. Meaningful review exists where a petitioner is afforded all the due process protections to which he is entitled. The basic requirements of due process in a disciplinary proceeding are issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Wolff,* 418 U.S. at 570-71. The first habeas claim in this challenge to a prison disciplinary

proceeding is that the petitioner was denied meaningful administrative review. However, this claim is denied because it does not support relief pursuant to 28 U.S.C. § 2254(a). The limited due process protections applicable to a challenge such as made here do not include an administrative review. Thus, the action taken on his administrative appeals played no role in according or denying him those protections. *Lucas v. Montgomery*, 583 F.3d 1028, 1031 (7th Cir. 2009).

Nonetheless, Wilson-El received the process he was due. On February 10, 2012, Wilson-El was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." After two postponements to view the video, a hearing was held on March 2, 2012. The hearing officer reviewed the staff reports, Wilson-El's statement, the video summary, and the confiscation forms and photos, and found him guilty of the charge of making or possessing intoxicants.

Further, Wilson-El was able to appeal the disciplinary decision in the prison grievance system. On March 5, 2012, Wilson-El submitted a disciplinary hearing appeal to the facility head, which is the first step in the appeal process [Filing No. 17-13]. The facility head denied Wilson-El's appeal on March 19, 2012, stating that "sufficient evidence exists to support the finding of the Hearing Officer. No procedural errors are noted." [Filing No. 17-13]. Similarly, Wilson-El's appeal to the Final Reviewing Authority was denied on July 5, 2012 [Filing No. 17-14].

Wilson-El claims he was also denied meaningful review because the hearing officers in the appeals process did not review the same evidence as the hearing officer, and that the appeal to the facility head was approved by the same officer as the disciplinary hearing officer. However, as shown above, Wilson-El received the process he was due under *Wolff* and *Hill*, which is the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action

and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. The basic requirements of due process in a disciplinary proceeding is a limited *opportunity* to present evidence to an impartial decision maker. *Wolff,* 418 U.S. at 570-71.

Finally, Wilson-El's contentions primarily concern alleged violations of the Adult Disciplinary Proceedings (ADP) that govern the appeal process. Violations of the ADP do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991).

**2.**

Next, Wilson-El alleges he was "denied an impartial hearing due to various acts of official misconduct and involvement, in retaliation for expressing right to seeks assistance and redress for violations, in civil court [[Filing No. 1, at ECF p. 4](#)]. He bases this allegation on his belief that his guilt was predetermined by the facility, he was denied evidence, and the evidence that was presented was pre-determined by the final reviewing authority [[Filing No. 1, at ECF p. 4](#)].

A procedural due process right during a disciplinary hearing is the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. To ensure an offender's due process rights have not been violated, a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action must be shown. This fulfills the fourth requirement of the due process guidelines. *Wolff*, 418 U.S. 563-67.

Here, the hearing officer documented the evidence she relied on in finding Wilson-El guilty of making and possessing intoxicants. Specifically, the hearing officer reviewed and relied on the staff reports, Wilson-El's statement "I am going to defer to the video summary. They went inside my cell & didnt (sic) bring this stuff out," the video summary, and the confiscation forms and photos, and found him guilty of the charge of making or possessing intoxicants [[Filing No. 17-12](#)]. Wilson-El's statement is contrary to the video summary which states "[a]t 13:12:50 [a] cardboard

box is shoved out of cell 703 onto the range, along with some trash" [Filing No. 17-10, at ECF p. 1].

Wilson-El alleges in the present action that the prison officials engaged in misconduct and retaliation by filing a false conduct report after he filed "complaints, letters and notices of lawsuits regarding the pattern of blatant racism and harassment" [Filing No. 1, at ECF p. 4]. "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 (7th Cir. 1988) (citing *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987); *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Wilson-El has not alleged a chronology of events from which retaliation may be inferred. Wilson-El was sanctioned pursuant to a disciplinary proceeding. The fact that he does not agree with the outcome of the disciplinary action is not sufficient to state a claim of retaliation. "Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation." *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D. Tenn. 1995)

**3.**

In his next two allegations, Wilson-El alleges he was denied evidence, including exculpatory evidence. He requested a lay advocate, and requested the following witnesses: Lt. Nicholson, who Wilson-El alleges was not present during the shakedown; Rob Marshall, to determine if an "alcotest" was used; and Lt. Wadhwan, to verify the substance as alcohol [Filing

No. 17-4]. Wilson-El also requested as evidence "alcotest" results and color photos of items and for the items to be physically viewed by hearing officer.

Lt. Nicholson provided a statement stating that "[c]ontraband was found in cell and Wilson received conduct report of a C-353 & B-231" [Filing No. 17-5]. Rob Marshall confirmed in an e-mail that the substance was not tested with the alco-blow sensor because it is not mandated to use such a test if the found liquid substance consists of either the odor, appearance and/or contributing ingredients to make alcoholic substances [Filing No. 17-6]. Finally, Lt. Wadhwan also confirmed in an e-mail that an alco-blow is no longer used [Filing No. 17-7]. The requests for "alcotest" was and color photos of the items were denied [Filing No. 17-4]. Wilson-El requested no additional evidence.

Although it is true that a disciplinary board may not ignore exculpatory evidence, *Cotton,* 344 F.3d at 678, that did not happen here. Wilson-El offered no evidence other than his own testimony that he did not make or possess hooch. No alco-blow test was administered and Wilson-El's argument that the Board improperly refused his request for a test fails because he is not entitled to such a test at a prison disciplinary hearing. *See Freitas v. Auger,* 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). In any event, a violation of an administrative rule is an issue of state law and does not provide grounds for relief under § 2254. *Jackson v. Frank,* 348 F.3d 658, 663 (7th Cir. 2003).

**4.**

Finally, throughout his petition, Wilson-El repeatedly denies that the substance he possessed was hooch and claims that the reports were falsified. To the extent, he is challenging the sufficiency of the evidence to support a guilty finding, this argument is without merit.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Here, the conduct report is clear and provides a detailed account of the contraband found in Wilson-El's possession. The evidence here was constitutionally sufficient.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Wilson-El's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: November 25, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shavaughn Carlos Wilson-El
#917706
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana 46064


Electronically registered counsel